

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 5, 1996

Dr. William H. Cunningham
Chancellor
The University of Texas System
601 Colorado Street
O'Henry Hall
Austin, Texas 78701

Opinion No. DM 421

Re: Whether the board of regents of an institution of higher education may waive all or part of tuition and fees for a particular student or a particular group of students and related questions   (RQ-737, RQ-769)

The Honorable Judith Zaffirini
Chair, Health and
  Human Services Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Dear Dr. Cunningham and Senator Zaffirini:

Both of you ask questions regarding the authority of the governing board of an institution of higher education to waive certain tuition and fees for a particular student or group of students. All of the questions asked require a re-examination of Attorney General Opinion H-1028, as well as an examination of the tuition and fee provisions in Education Code chapters 54 and 55. Accordingly, we answer your questions together.

Dr. Cunningham is generally concerned about the authority of the board of regents of The University of Texas System. In addition to asking about the board's general authority to waive tuition and fees, Dr. Cunningham asks whether, as a part of the compensation and benefits package it offers its employees, the board may adopt a policy waiving all or part of certain fees for its employees who enroll at the component institution[1] at which they are employed. If so, he asks whether the board also may waive all or part of certain fees for spouses and dependent children of its employees. Finally, Dr. Cunningham asks whether, if we determine that the board generally may not waive fees for its employees, the board may waive fees upon a determination that the knowledge

---

[1]The University of Texas System is composed of several institutions and entities, listed in section 65.02 of the Education Code: The University of Texas at Arlington, The University of Texas at Austin, The University of Texas at Dallas, The University of Texas at El Paso, The University of Texas of the Permian Basin, The University of Texas at San Antonio, The University of Texas Southwestern Medical Center at Dallas, The University of Texas Medical Branch at Galveston, The University of Texas Health Science Center at Houston, The University of Texas Health Science Center at San Antonio, and The University of Texas M.D. Anderson Cancer Center. Throughout this opinion, we will refer to the institutions and entities that comprise The University of Texas System as "the component institutions."

or skills available through certain courses offered by the component institution that employs the faculty or staff member will enhance the individual faculty or staff member's ability to perform his or her duties.

Senator Zaffirini asks specifically about group hospital and medical services fees. She inquires whether a governing board may waive medical services fees for active duty military personnel who attend an institution of higher education. Senator Zaffirini explains that, because the military provides medical coverage for these individuals, they will not use the medical services a university may provide.

We believe it will be helpful to begin by briefly summarizing the Education Code provisions about which you ask. Dr. Cunningham's questions involve provisions throughout chapters 54 and 55. Chapter 54 of the Education Code, titled "Tuition and Fees," contains the majority of the fee provisions about which Dr. Cunningham asks. Chapter 55 generally authorizes the board of an institution of higher education to acquire or construct permanent improvements,[2] and to use the revenues from fees section 55.16 authorizes to pay off bonds the institution sold to finance the permanent improvements.[3] In general, chapters 54 and 55 provide for two types of tuition and other fees, which we will term "mandatory" and "discretionary." First, the Education Code provides that the board "shall" collect certain fees; we will call these "mandatory" fees.[4] Second, the Education Code provides that the board "may" levy certain fees; we will call these "discretionary" fees.[5] A discretionary fee may be either voluntary or compulsory. Various sections of chapter 54 define a "voluntary fee" as "a fee that is charged only to those students who use the student service for which the fee is established."[6] By contrast, a "compulsory fee" is "a fee that is charged to all students enrolled at the institution."[7]

Senator Zaffirini's questions concern specific sections of Education Code chapter 54. Section 54.503 authorizes the governing board of an institution of higher education except The University of Texas at Austin or the University of Houston System to collect from students registered at the institution a student services fee that may include fees for

---

[2] *See* Educ. Code § 55.11.

[3] *See id.* § 55.17(a).

[4] *See id.* §§ 54.008(a) (tuition for graduate programs), .051(b) (tuition), .501(a) (laboratory fees), .502(a) (general property deposits).

[5] *See, e.g., id.* §§ 54.006(a) (matriculation fee), .007(b) (incidental fees for students paying tuition by installment or delinquent in payments), .061 (penalty from nonresident students who fail to comply with rules and regulations regarding nonresident fees), .066 (tuition rates for resident doctoral students who have more semester credit hours of doctoral work than allowed).

[6] *Id.* § 54.503(a)(3); *see also id.* §§ 54.5061(a)(3), .513(a)(3).

[7] *Id.* § 54.503(a)(2); *see also id.* §§ 54.5061(a)(2), .513(a)(2).

health and hospital services and medical services.[8]   Sections 54.507 through 54.50891, including section 54.5089, which the senator cites, authorize particular universities or university systems to collect medical services fees:  Texas A&M University System, Texas Tech University, University of North Texas, Texas Woman's University, Texas State University System components, and The University of Texas System components.

This office construed Education Code section 54.503 in Attorney General Opinion H-1028, and we believe the answer to all of your questions depends in part upon that opinion's continued validity. Attorney General Opinion H-1028 considers whether the Texas A&M University System may waive compulsory fees collected pursuant to section 54.503(b) of the Education Code for students who receive instruction off-campus.  A representative of the Texas A&M University System had informed this office that students who receive instruction off-campus "do not have physical access to use facilities by reason of being off-campus for instruction."[9]

Section 54.503(b) of the Education Code, which Attorney General Opinion H-1028 considered, is a discretionary fee provision that authorizes the governing board of an institution of higher education to "charge and collect from students registered at the institution fees to cover the cost of student services."  Attorney General Opinion H-1028 stated that the governing board of an institution of higher education has broad authority to adopt rules and regulations for the operation of section 54.503(b) of the Education Code.[10]  Furthermore, according to the opinion, a court will not interfere with the board's rules and regulations unless a challenger clearly shows that the governing board has acted arbitrarily or abused its authority.[11]  Thus, this office concluded that, so long as the amount of the fee or fees does not exceed the maximum set in section 54.503 and so long as the governing board levies the fee in proportion to the number of semester credit hours for which a student registers, the governing board may waive or modify the student services fee in an appropriate circumstance, such as where "a student 'does not have physical access to use facilities by reason of being off-campus for instruction.'"[12]

In 1987, subsequent to the issuance of Attorney General Opinion H-1028, the legislature amended section 54.503 by expressly defining compulsory to denote a fee imposed upon all students and voluntary to denote a fee imposed only upon those students who use

---

[8]*Id.* § 54.503(a)(1), (b).

[9]Attorney General Opinion H-1028 (1977) at 2.

[10]*Id.* at 3 (quoting Letter Advisory No. 6 (1973) at 2).

[11]*Id.* (quoting Letter Advisory No. 6).

[12]*Id.* at 3.

the service.[13] If Attorney General Opinion H-1028 remains valid, the governing board of an institution of higher education may waive a compulsory fee for those students who do not use the service for which the fee is charged. Now, however, a fee that an institution charges only students who use the service is, by definition, a voluntary, as opposed to a compulsory, fee. In light of the statutory amendment to section 54.503, the conclusion Attorney General Opinion H-1028 reaches no longer makes sense, and we hereby conclude that Attorney General Opinion H-1028 has been superseded by the 1987 statutory amendments. Thus, if a governing board wishes to impose a discretionary fee upon only those students who will use the service, it may adopt a voluntary fee. Once a governing board has adopted a discretionary, compulsory fee, however, it may not waive the fee for students who do not use the service. On the other hand, we find nothing in section 54.503 that precludes a governing board from changing a compulsory fee to a voluntary fee. Indeed, section 54.503 specifically provides that a fee "may be either voluntary or compulsory as determined by the governing board."[14]

We next consider the broader issue of whether a governing board may waive a mandatory or discretionary tuition or fee in any instance in which the waiver is not expressly authorized by statute. We do not believe that it may. The legislature has laid out a complex scheme of tuition and fees in Education Code chapters 54 and 55 and has included in the scheme various reasons for which a governing board may reduce or waive tuition or fees. We believe the legislature's system pre-empts any discretion the governing board of an institution of higher education may have had to waive tuition and fees.[15]

Throughout chapters 54 and 55 of the Education Code, the legislature has set forth in detail who may be exempt from, or eligible for reduced, tuition and fees. Chapter 54 explicitly restricts a board's power to charge tuition and other fees of individuals who fall within particular categories described in various sections of the code. Assorted sections of subchapter B, for example, provide limited circumstances in which specified nonresidents may register in an institution of higher education as a Texas resident and pay the tuition and fees associated with Texas residency.[16]

---

[13]See Act of May 31, 1987, 70th Leg., R.S., ch. 901, § 6, 1987 Tex. Gen. Laws 3047, 3049; see also supra text accompanying notes 4-5. When this office issued Attorney General Opinion H-1028, Education Code section 54.503 authorized the governing board of an institution of higher education to determine whether the student services fee would be compulsory or voluntary, although the statute did not define the terms. See Attorney General Opinion H-1028 (1977) at 1 (quoting Educ. Code § 54.503(b)). Attorney General Opinion H-1028 does not discuss the distinction between those terms, however. But see Attorney General Opinion M-537 (1969) at 2.

[14]Educ. Code § 54.503(b).

[15]See Attorney General Opinion H-1028 (1977) at 3 (quoting Letter Advisory No. 6 (1973) at 2).

[16]See Educ. Code §§ 54.058(c), (f) (spouses and children of military personnel), .059 (professor of higher education, as well as professor's spouse and children), .063 (teaching assistant or research assistant, as well as spouse and children), .064(a) (scholarship students).

In addition, subchapter D of chapter 54 explicitly exempts distinct groups of students from the payment of tuition for part or all of the time the students are enrolled at an institution of higher education. For instance, Education Code section 54.201 authorizes the governing board of an institution of higher education to exempt the highest ranking graduate of each of the state's accredited high schools. Section 54.203 requires the board to exempt a veteran, among others, from "the payment of all dues, fees, and charges . . . [except] property deposit fees, student services fees, and any fees or charges for lodging, board, or clothing," provided the veteran meets certain requirements. Finally, section 54.207 authorizes a board to exempt from the payment of "tuition fees"[17] two hundred native-born students from other nations of the American hemisphere and thirty-five native-born students from a Latin American country designated by the United States Department of State.[18]

Further, some of the sections in chapters 54 and 55 expressly authorize the governing board of an institution of higher education to waive the discretionary fees that section provides. Three of the fee provisions about which Dr. Cunningham asks authorize a board to waive fees the section permits the board to collect.[19] Significantly, however, each of these sections specifies that a board may waive the fees authorized by that section only if the imposition of the fee would cause an undue financial hardship upon the student.[20] Moreover, each section limits the number of waivers a board may grant to a percentage of the total enrollment at the institution of higher education.

Viewing chapters 54 and 55 of the Education Code as a whole, we believe the legislature has enacted a complete scheme for the levying of tuition and other fees. The legislature has provided for certain individuals a specific right to resident tuition, although the individual otherwise would not qualify for the lower resident rates. Additionally, the legislature has listed nine categories of individuals that a board of an institution of higher education must or may exempt from certain tuition and other fees. The legislature expressly has provided in relation to three discretionary fees that a board may waive the fees, and the legislature expressly has limited the circumstances in which the board may waive such fees.

---

[17]Section 54.205(a)(4) of the Education Code defines "tuition fees" for purposes of that section to include "all dues, fees, and enrollment charges whatsoever for which exemptions may be lawfully made, including fees for correspondence courses, general property deposit fees, and student services fees." The term does not include, however, fees or charges for lodging, board, or clothing. Educ. Code § 54.205(a)(4).

[18]See also Educ. Code §§ 54.204 (children of disabled fire fighters and peace officers), .205 (blind or deaf students), .208 (fire fighters enrolled in fire science courses), .209 (children of prisoners of war or persons missing in action), .210 (senior citizens), .211 (students in foster or other residential care), .212 (certain AFDC students).

[19]See Educ. Code §§ 54.503(e), .513(h), .16.

[20]See id. §§ 54.503(e), .513(h), 55.16.

We therefore conclude that the governing board of an institution of higher education may waive a mandatory fee, that is, one that the statute requires the board to charge and collect, only when the board is explicitly authorized to do so.[21] Likewise, a governing board may waive a discretionary fee, compulsory or voluntary, only in accordance with explicit statutory authority.[22] The governing board may not waive the collection of a discretionary, compulsory fee for a student because the student does not have physical access to campus facilities or will not use the services the fee is designed to subsidize.[23] As to discretionary, voluntary fees, any student is free to decline to pay the fee if he or she will not use the service offered. The governing board may not, however, waive a voluntary fee for a student who will use the service (unless a statute authorizes the board to do so).[24]

In summary, a governing board may not waive any tuition or fee, whether the fee is mandatory or discretionary, unless expressly authorized by statute. With respect to waiver, then, the mandatory-discretionary distinction is irrelevant. The distinction between discretionary, compulsory fees and discretionary, voluntary fees is relevant only insofar as a governing board may not charge a voluntary fee to a student who will not use the service and insofar as we find nothing precluding a governing board authorized by statute to impose either a compulsory fee or voluntary fee from changing a compulsory fee to a voluntary fee.

We now must determine how to interpret statutes in chapters 54 and 55 that authorize a discretionary fee, but do not indicate whether the fee must be compulsory, voluntary, or whether the governing board may determine whether the fee will be compulsory or voluntary. The legislature has authorized the governing boards of institutions of higher education to determine whether some of the discretionary fees will be voluntary or compulsory.[25] Additionally, at least one statute, which authorizes Texas A&M University to charge a group hospital and medical services fee, stipulates that the discretionary fee

---

[21]*See, e.g.*, Educ. Code §§ 54.008, .051, .501, .502(a).

[22]We find only three express waivers in those sections of chapters 54 and 55 of the Education Code pertaining to The University of Texas System or its component institutions: Education Code sections 54.503(e), .513(h), and 55.16. Each of these provisions permits the governing board of an institution of higher education to waive the fee authorized by that section only if imposition of the fee would cause undue financial hardship to the student. Moreover, each of these provisions limits the number of students for whom the board may waive the fee to a specified percentage of the total enrollment. *See* Educ. Code §§ 54.503(e) (ten percent), 54.513(h) (same), 55.16 (five percent).

[23]Again, we find nothing that precludes a governing board from changing a compulsory fee to a voluntary fee.

[24]We are unaware of any provision in Education Code chapters 54 and 55 that permits a governing board to waive a voluntary fee in any circumstances, but the legislature is free, of course, to enact a waiver provision in the future.

[25]*See* Educ. Code §§ 54.503(b) (student services fee), .5061(c) (student services fees in University of Houston System), .513(c) (student service fees at University of Texas at Austin).

will be compulsory.[26] The legislature has not stipulated whether the remaining discretionary fees are to be compulsory, voluntary, or within the governing board's power to decide. Nevertheless, we believe the legislature enacted these statutes to permit a university to raise substantial sums of money for large projects or for the maintenance of existing facilities. In addition, the language of most of the provisions indicates a legislative intent that, if a governing board imposes a discretionary fee, it must charge every registered student. Most of the statutes, for example, direct the governing board that chooses to impose a particular fee, to charge "each student,"[27] or on a "per student" basis.[28] In our opinion, therefore, where the legislature has not stipulated that a discretionary fee must be compulsory, voluntary, or the governing board's choice, the fee must be compulsory.

With this discussion of the tuition and fee scheme the legislature has devised, we turn to your specific questions. In his first question, Dr. Cunningham asks generally whether the governing board of The University of Texas System may waive all or part of tuition or fees for a particular student or a particular group of students. As we have explained, a governing board may waive a fee, whether mandatory or discretionary, only if the legislature expressly has allowed a waiver.[29] The university may not, of course, impose a voluntary fee upon a student who will not use the service.

We turn to Dr. Cunningham's second question, in which he asks whether the board may "adopt a policy" waiving all or parts of certain fees for all members of the faculty and staff, as well as their families, who wish to enroll at the component institution that employs the faculty or staff member. Again, a governing board may not waive any fee unless the board is expressly authorized to do so. Accordingly, we conclude the board may not waive the collection of fees from a faculty or staff member or a member of a faculty or staff member's family if the individual enrolls in a component institution unless the waiver is statutorily authorized.[30]

We believe our answer to Dr. Cunningham's second question is supported by sections 54.059 and 54.063 of the Education Code, which provide that a teacher, professor, teaching assistant, research assistant, or a member of the family of a teacher, professor, teaching assistant, or research assistant are entitled to register as residents and pay the lower fees charged to residents of the state, even though the student does not qualify as a

---

[26]See id. § 54.507(a).

[27]See, e.g., id. §§ 54.5085, .509, .520, .538.

[28]See, e.g., id. §§ 54.512, .522, .534.

[29]See id. §§ 54.503(e), .513(h), 55.16.

[30]The board may, of course, exempt from the payment of certain fees a faculty or staff member or a member of the family of a faculty or staff member if the student is within one of the exemptions listed in chapter 54, subchapter B.

resident under section 54.052. If a board of an institution of higher education might waive the collection of certain fees from these individuals, sections 54.059 and 54.063 would be meaningless. But we must presume that the legislature intended to enact a meaningful statute.[31]

Dr. Cunningham's third question asks again whether the board may waive fees for a faculty or staff member who enrolls for a particular course at the component institution that employs the faculty or staff member, but he adds the condition that the board feels the course work will enhance the faculty or staff member's ability to perform his or her duties. Regardless of the purpose of the waiver, the board may not waive the collection of fees from a faculty or staff member unless the waiver is statutorily authorized. Of course, the legislature may pass legislation to authorize such waivers, and the other waivers about which Dr. Cunningham asks, if it chooses to do so.

Senator Zaffirini asks whether the governing board of an institution of higher education may waive medical service fees for active-duty military personnel who will not use the services. In line with our conclusions above, a governing board may not waive a fee for a student because the student will not use the services. If the fee is voluntary, of course, students who will not use the service are not charged. Again, the legislature may pass legislation to authorize the waiver of medical service fees for active-duty military personnel who will not use the services if it chooses to do so.

---

[31]*See* 67 TEX. JUR. 3D *Statutes* § 133, at 738 (1989). Section 51.908(a) of the Education Code authorizes the board to "establish faculty compensation policies that, to the greatest extent possible, provide the faculty of the institution with an average salary and benefits at least equal to the average of that provided by similar institutions nationwide having a similar role and mission." In our opinion, regardless of whether similar institutions nationwide waive tuition and certain other fees, as a benefit to their faculty and staff members, for those faculty and staff members and their family members who attend classes at the institution, chapters 54 and 55, read as a whole, preclude the board from establishing, as a benefit to its employees, a policy waiving the collection of fees from the employees or members of their families. *See* Gov't Code § 311.026(b) (providing that, if general statute irreconcilably conflicts with special statute, special statute prevails as exception to general statute).

## S U M M A R Y

Attorney General Opinion H-1028 (1977) has been superseded by amendment to Education Code section 54.503. Unless a statute explicitly permits the waiver, a governing board may not waive any fee created by chapter 54 or 55 of the Education Code. A university may not charge a discretionary, voluntary fee of a student who will not use the service the fee is designed to subsidize. Where the legislature has not stipulated that a discretionary fee must be compulsory, voluntary, or the governing board's choice, the fee must be compulsory.

Unless it is expressly authorized by statute, the board of regents of The University of Texas System may not adopt a policy waiving the collection of compulsory fees from faculty and staff members who enroll in courses at the institution that employs them. Similarly, without express statutory authority, the board may not adopt a policy waiving the collection of compulsory fees from members of the families of faculty and staff members who enroll in classes at a component institution. As to individual faculty or staff members or individual members of the families of faculty or staff members, the board may waive the collection of fees as expressly authorized by statute.

The governing board of an institution of higher education may not waive a medical service fee for active-duty military personnel because the students will not use the services.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General